UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Elizabeth A. Londo,                                   Case No. 3:15 cv 1523

        Petitioner

v.                                                    ORDER

Commissioner of Social Security,

        Respondent

Pending before me are *pro se* Petitioner's motions objecting to the U.S. Magistrate Assignment (Doc. No. 8) and her motion for Objection to the Unassigned U.S. Magistrate's Order of October 13, 2015. (Doc. No. 16).

**BRIEF PROCEDURAL HISTORY**

The docket reflects that on August 3, 2015, the *pro se* Petitioner initiated this complaint against the Commissioner of Social Security for review of a denial of benefits under 42 U.S.C. § 405(g). (Doc. No. 1). After the case was filed, I was assigned to this case and Magistrate Judge Burke was assigned as the Magistrate Judge per Local Rule 3.1.

On the same date, a Differentiated Case Management Initial Order issued indicating this case was designated to the Court's Administrative Track and, pursuant to Local Rule 72.2, was subject to a direct referral by the Clerk's Office to a Magistrate Judge for a Report and Recommendation. (Doc. No. 3). The docket reflects that a copy of this Order was also mailed to the Petitioner.

On August 21, 2015, an Automatic Reference of Administrative Action occurred and the case was referred to Magistrate Judge Burke pursuant to Local Rule 72.2.

On August 24, 2015, a Magistrate Consent Package issued and was mailed to Petitioner.

1

On September 9, 2015, the Petitioner filed an objection to assignment of Magistrate Judge Burke to her case. (Doc. No. 8).

Magistrate Judge Burke issued an order on October 13, 2015, striking Petitioner's brief because it was filed prior to the filing of the transcript of proceedings and failed to cite to the transcript page numbers. (Doc. No. 14). The Petitioner was granted until November 12, 2015, to file her brief in compliance with Magistrate Judge's initial order of August 24, 2015. (Doc. No. 6).

On October 23, 2015, Petitioner filed a "Motion for Extension of Time to Respond in 30-Days" as well as her "Motion for Objection to Unassigned US Magistrate's 10/13/15 Ad Hoc Order." (Doc. No. 16).

On November 4, 2015, Magistrate Judge Burke referred Petitioner's motions (Doc. Nos. 8 and 16) back to me for consideration.

## DISCUSSION

1. Petitioner's Arguments

The Petitioner's "Motion for Objection to US Magistrate Assignment to Case/Appeal" appears to object to the Magistrate Judge's assignment to this case. In her motion, Petitioner references the August 24, 2015 forms which comprised the Magistrate Consent Package. She further demands her case be heard by a U.S. District Court Judge. She further indicates a *pro se* litigant's filings are subject to a different standard than those filed by lawyers[1].

---

[1] It is true that *pro se* filings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). The language by the Court in *Eagle Eye Fishing Corp. v. U.S. Dept. of Commerce,* 20 F.3d 503, 506 (1st Cir. 1994) offers useful guidance to those choosing to represent themselves:

> [T]he "right of self-representation is not 'a license not to comply with the relevant rules or procedure and substantive law.'" (Citations omitted.) The Constitution does not require judges–or agencies, for that matter–to take up the slack when a party elects to represent himself.

Next is the Petitioner's "Motion for Extension of Time to Respond in 30-Days." In that filing, she requests time to respond to the Respondent's October 9, 2015 Answer. She further requests time to "file a meaningful objection to the Unassigned Magistrate ad hoc decision for any Federal Appellate Court Review."

Lastly, Petitioner's "Motion for Objection to Unassigned US Magistrate's 10/13/15 Ad Hoc Order" addresses similar arguments previously raised and requests that I grant her motion for objection. Having carefully reviewed Petitioner's filings, I now turn to the applicable rules governing the assignment of the Magistrate Judge.

2. <u>Applicable Local Rules</u>

The Northern District of Ohio, like many other district courts, has implemented Local Rules which govern the conduct of civil proceedings and are construed in a manner consistent with the Federal Rules of Civil Procedure. (Local Rule 1.1 (a)). The purpose of such Local Rules is to "achieve an orderly administration of the business of this Court" . . . "and to secure the just, speedy and inexpensive determination of all litigation coming before this Court." (Local Rule 1.1(d)).

Local Rule 72.2 addresses the Assignment and Referral of Matters to Magistrate Judges as follows:

(a) <u>General</u>. The method for assignment of duties to a Magistrate Judge and for the allocation of duties among the several Magistrate Judges of this Court shall be made in accordance with orders of the Court or by special designation of a District Judge.

(b) <u>Automatic Reference</u>. The Clerk shall refer all cases in the following categories to a Magistrate Judge for a Report and Recommendation as provided for in Local Rule 72.1:

    (1) Petitions for review of administrative decisions (including Social Security, Black Lung and Civil Service);

    (2) <u>Pro se</u> petitions for habeas corpus filed under 28 U.S.C. § 2254, provided such petition has first been reviewed by the Court pursuant to 28 U.S.C. § 1915(d) and Rule 4 of the Rules Governing § 2254 Cases and a decision has been made to require a response to the petition.

(3) Administrative Cases under Local Rule 16.2(a)[2].

After a Magistrate Judge issues a Report and Recommendation on a case which is automatically referred, "[a]ny party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof." Local Rule 72.3(b).

Finally, consent of the parties to the Magistrate Judge's jurisdiction is contained in Local Rule 73.1:

> **Conduct of Trials and Disposition of Civil Cases by Magistrate Judges Upon Consent of the Parties – 28 U.S.C. § 636(c)**
>
> **(a) General.** Upon the consent of the parties, a Magistrate Judge may conduct any or all proceedings in any civil case which is filed in this Court, including the conduct of a jury or non-jury trial, and may order the entry of a final judgment, in accordance with 28 U.S.C. § 636(c). In the course of conducting such proceedings upon consent of the parties, a Magistrate Judge may hear and determine any and all pretrial and post-trial motions which are filed by the parties, including case-dispositive motions.

3. Analysis

From the Petitioner's various motions, it appears there was confusion upon receipt of the Magistrate Consent Package which was sent to Petitioner at the same time as the Magistrate Judge's Initial Order. As Petitioner did not execute the "Consent to Exercise of Jurisdiction By A United States Magistrate Judge," she mistakenly assumed the Magistrate Judge had undertaken jurisdiction of this case. That is not correct.

As noted in the docket sheet, attached as an exhibit to this Order, I remain the assigned Article III judicial officer. Pursuant to the Local Rules above, all cases involving challenges to social

---

[2] Local Rule 16.2(a)(2)(D) addresses the Administrative Case Track as follows:
Cases on the Administrative Track, except actions under 28 U.S.C. § 2254 and government collection cases in which no answer is filed, shall be referred by the Court personnel directly to a Magistrate Judge for a report and recommendation. See Local Rule 72.2(b). Administrative Track cases shall be controlled by scheduling orders issued by the Judicial Officer. In actions for review of decisions by the Social Security Administration, such orders shall be pursuant to, and in accord with, the provisions of 16.3.1.

4

security determinations are characterized as administrative actions and automatically referred per random assignment to a Magistrate Judge for a Report and Recommendation.

Only where both sides agree and file a consent form to the Magistrate Judge's jurisdiction, would the matter be removed from my docket.  That did not happen in this case.

Here, the automatic referral to a Magistrate Judge was proper and in accordance with the Local Rules of the Northern District of Ohio.  The Magistrate Judge is authorized to set a briefing schedule, via an initial order, and after consideration of the briefing, will issue a Report and Recommendation for my consideration.

After that Report and Recommendation is filed, either side has fourteen days to object to the Magistrate Judge's Report. Fed. R. Civ. P. 72(b)[3].

The matter then returns to me for final disposition at which time I will consider the Magistrate Judge's Report and any objections by the parties.  Then I issue a final decision on the case.

Because I am the final adjudicator of the issues and the parties have not consented to the jurisdiction of the Magistrate Judge, the Petitioner's objections are misplaced and are denied.

## CONCLUSION

---

[3] **Rule 72.  Magistrate Judges: Pretrial Order**
 **(b) Dispositive Motions and Prisoner Petitions**
   **(1) *Findings and Recommendations***.  A Magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement.  A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings.  The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact.  The clerk must promptly mail a copy to each party.
   **(2) *Objections***.  Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy.  Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient.
   **(3) *Resolving Objections***.  The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

For the reasons stated above, the Petitioner's motions objecting to the Magistrate Judge's involvement (Doc. Nos. 8 and 16) are overruled as is the motion for extension of time to respond (Doc. No. 16). Pursuant to Local Rule 72.2(b) (1), this case is referred back to Magistrate Judge Kathleen B. Burke for further proceedings.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge