UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Elizabeth A. Londo,                    Case No. 3:15-cv-1523

      Plaintiff

    v.                                            MEMORANDUM OPINION

Commissioner of Social Security,

      Defendant

This matter is before me on the June 13, 2016 Report and Recommendation of Magistrate Judge Kathleen Burke (Doc. No. 25) as well as the objections by the *pro se* Plaintiff (Doc. No. 26), the Defendant's response (Doc. No. 27), and Plaintiff's motion for immediate consideration (Doc. No. 28). For the reasons stated below, I adopt the Magistrate Judge's recommendations as set forth in the R & R and affirm the Commissioner's decision.

## I. APPLICABLE LEGAL STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010).

"De novo determination requires 'fresh consideration' of a magistrate judge's recommendation, independent of the magistrate judge's conclusions." 14 MOORE'S FEDERAL PRACTICE § 72.11[2][a] (3d 2016). In conducting a de novo review, the court need not conduct a

hearing on the matter. *Lifeng Chen v. New Trend Apparel, Inc.*, 8 F.Supp.3d 406, 416 (S.D.N.Y. 2014), citing *United States v. Raddatz*, 447 U.S. 667, 675-76 (1980).

The district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (*quoting Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## II. Background

The Magistrate Judge's twenty-seven page R & R is a thorough and comprehensive discussion of the issues presented. For purposes of clarity, I restate the procedural history as articulated by the Magistrate Judge:

### I. Procedural History

Londo protectively filed[1] her application for disability insurance benefits on June 26, 2012. Tr. 15, 78, 94, 219-220, 262. She alleged a disability onset date of March 14, 2010. Tr. 15, 219, 262. In May 2013, Londo amended her alleged disability onset date to November 11, 2011. Tr. 15, 239, 316. Londo alleged disability based on bulging disc, degenerative disc disease, spinal stenosis, and anxiety. Tr. 66, 113, 265. After denials by the state agency (Tr. 113-121, 129), Londo requested a hearing (Tr. 130-131).

Through her representative, on April 30, 2013, Londo requested that a decision be rendered on the record. Tr. 139-140. On July 2, 2013, Administrative Law Judge Sandra R. DiMaggio Wallis ("ALJ Wallis") issued a fully favorable decision without a hearing. Tr. 95-103. ALJ Wallis found that Londo had the RFC to perform a full range of sedentary work and that based on that RFC and "considering claimant's age, education, and work experience, a finding of 'disabled' is directed by

---

[1] Original footnote No. 3 The Social Security Administration explains that "protective filing date" is "The date you first contact us about filing for benefits. It may be used to establish an earlier application date than when we receive your signed application." http://www.socialsecurity.gov/agency/glossary/ (last visited 6/10/2016).

2

Medical-Vocational Rule 201.14."[2]  Tr. 95-103.  ALJ Wallis concluded that Londo had been under a disability since November 11, 2011, the amended alleged disability onset date.  Tr. 103.  On August 30, 2013, the Appeals Council notified Londo that it intended to review ALJ Wallis's July 2, 2013, decision.[3]  Tr. 167-172.  In its notice to Londo, the Appeals Council advised Londo that it planned to send her case back to an ALJ for further action and a new decision because the Appeals Council concluded that substantial evidence did not support ALJ Wallis's decision, including the finding that Londo was limited to sedentary work.[4]  Tr. 168-170.  Londo was provided the opportunity to provide more evidence or a statement about her case.  Tr. 170.  In response, Londo submitted additional evidence regarding three office visits with one of her physicians between April 2, 2013, and September 6, 2013.  Tr. 107.  On February 26, 2014, under the authority of 20 C.F.R. § 404.977, the Appeals Council vacated the July 2, 2013, decision, finding that substantial evidence did not support ALJ Wallis's finding, that Londo was limited to sedentary exertion work and had no skills that would transfer to other occupations, and remanded the case to an ALJ for further proceedings.[5]  Tr. 105-110.

Pursuant to the Appeals Council's order of remand, ALJ Thomas L. Wang ("ALJ Wang" or "ALJ") held a hearing on May 30, 2014.  Tr. 35-65.  Thereafter, on July 16, 2014, ALJ Wang issued his decision.  Tr. 12-34.  ALJ Wang determined that Londo had not been under a disability from November 11, 2011, though the date of the decision.  Tr. 27.  Londo requested review of ALJ Wang's decision by the Appeals Council.  Tr. 9-11.  On June 17, 2015, the Appeals Council denied Londo's request for review, making the ALJ's decision the final decision of the Commissioner.  Tr. 1-6.

(Doc. No. 25 at pp. 2-3).

The Magistrate Judge next set out the comprehensive background and administrative record in this case including personal and vocational evidence, as well as medical and testimonial evidence.  As there are no objections to that portion of the R & R (Doc. No. 25 at pp. 2-17), it is adopted and incorporated by reference into this opinion.

---

[2] Original footnote No. 4  The Medical-Vocational Guidelines, known as the "Grid," are located at 20 C.F.R. Part 404, Subpart P, Appendix 2 (the "Grid"). The Grid is composed of Rules 200.01-204.00.  *Id*.  The Grid includes rules that may be applied in cases where a person is not doing substantial gainful activity and is prevented by a severe medically determinable impairment from doing vocationally relevant past work.  20 C.F.R. § 404.1569.

[3] Original footnote No. 5  When notified of ALJ Wallis's fully favorable decision, Londo was advised that "[t]he Appeals Council may review my [ALJ Wallis's] decision even if you [Londo] do not appeal."  Tr. 96.

[4] Original footnote No. 6  The Appeals Council explained in detail its basis for intending to remand the case for further proceedings.  Tr. 168-170.

[5] Original footnote No. 7  The Appeals Council issued a 5-page opinion in which it reviewed the evidence, including reports from Londo's treating and examining physicians.  Tr. 105-109.

### III. OBJECTIONS

Objections by *pro se* litigants are to be interpreted leniently and liberally construed. *Erickson v. Pardus*, 551 U.S. 89 (2007). In this Circuit, objections must be clear enough to enable a district court to ascertain which specific issues are in dispute. *Austin v. Bedford Township Police Dep't.*, 859 F.Supp.2d 883, 888 (E.D. Mich. 2011).

Here the *pro se* Plaintiff's objections are a *verbatim* recitation of her response, albeit couched as objections, to the Commissioner's Brief on the merits which were before Magistrate Judge Burke. (Doc. No. 24). A recitation of arguments already presented to the magistrate judge do not constitute specific objections but only a general objection to the entire report. *See, Dipilato v. 7-Eleven, Inc.*, 662 F.Supp.2d 333, 340 (S.D.N.Y. 2009) (objections by pro se parties which relitigate a prior argument are not considered specific objections); *Veney v. Astrue*, 539 F.Supp.2d 841, 844-45 (W.D. Va. 2008) (verbatim copy of argument section of previous summary judgment argument constituted a general objection that failed to satisfy the specificity requirement of Rule 72(b)).

As the *pro se* Plaintiff has failed to present specific objections to the Report and Recommendation, I find her submission to constitute a general objection.

### IV. CONCLUSION

Based upon a *de novo* review as mandated by the Sixth Circuit, I adopt the Magistrate Judge's June 13, 2016 Report and Recommendation (Doc. No. 25) as the order of this Court. The Commissioner's decision is affirmed. The *pro se* Plaintiff's motion for immediate consideration due to exigent circumstances (Doc. No. 28) is denied as moot.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge