UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Elizabeth A. Londo,  Case No. 3:15-cv-1523

    Petitioner

v.  MEMORANDUM OPINION
AND ORDER

Commissioner of Social Security,

    Respondent

This matter is before me on the *pro se* Petitioner's motion for relief from judgment. Previously this Court affirmed the Commissioner's decision denying benefits on March 7, 2017. (Doc. Nos. 29 and 30). In making that determination, I found Petitioner's objections to be a verbatim recitation of arguments previously presented to the Magistrate Judge and considered them general objections.

In the present filing and out of an abundance of caution, I will construe her motion as one for reconsideration and for relief from judgment. Having carefully reviewed her motion and memorandum in support, I find the motion to be without merit.

## I. Discussion

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion made under Rule 59(e) despite its designation as a motion to alter or amend a judgment. *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991); *Shivers v. Grubbs*, 747 F. Supp. 434 (S.D. Ohio 1990). Where the motion is served after the twenty-eight day requirement of Rule 59(e) some courts treat the motion as a 60(b) motion for relief from

judgment. *See Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264 (6th Cir. 1998). Generally, there are three major situations which justify a court reconsidering one of its orders: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice." *In re Continental Holdings, Inc.*, 170 B.R. 919, 933 (Bankr. N.D. Ohio 1994); *Braun v. Champion Credit Union*, 141 B.R. 144, 146 (Bankr. N.D. Ohio 1992), *aff'd*, 152 B.R. 466 (N.D. Ohio 1993).

The standard for granting a Rule 60 motion is more stringent than that brought under Rule 59 in that it may only be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

While a motion for reconsideration allows the court to correct its errors, the motion is not to be used to relitigate arguments already presented to the district court. *Sault Ste. Marie Tribe of Indian Tribes v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Additionally, "[a] movant under Rule 60(b) fails to demonstrate entitlement to relief under any subsection when he simply rephrases his prior allegations." *Donaldson v. Central Michigan University*, 109 Fed. Appx. 15 at *18 (6th Cir. 2004), citing, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004).

In this case, a careful review of Petitioner's memorandum in support finds it is a verbatim recitation of her brief filed before the Court and was before the Magistrate Judge. (Doc. No. 20). The Petitioner does not argue there has been an intervening change in the law which provided the

rule of decision in this case. She does not suggest that new evidence has become available which would require a different result. Her disagreement with the Magistrate Judge's Report and Recommendation and this Court's adoption of that Report offers nothing new in support of her petition. As the Petitioner has merely reiterated arguments previous presented and considered, she has not established a basis upon which she is entitled to relief under either Rule 59(e) or Rule 60(b).

## II. Conclusion

For the reasons stated above, the Petitioner's motion for relief from judgment (Doc. No. 31) is denied.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge